J^PER CURIAM.
Michael Matthews and three other defendants have been billed with armed robbery. The court appointed Mary Roper to represent Matthews. Defendant filed a “motion to stay all proceedings and to ensure adequate resources for a competent defense.”[1] . The motion alleged no. funds are available to pay defendant’s court-appointed- attorney or defense expenses, and there is no expectation funds will become available. The motion asked the district *442 court to set an evidentiary hearing, stay all proceedings until the mandates of the jurisprudence have been met, determine a source of funding, set an hourly fee that will reimburse counsel for out-of-pocket overhead expenses, as well as provide compensation for the time committed to the case, and ensure that other costs necessary for an effective defense are properly covered.
At the hearing held on the motion, the parties stipulated to the introduction of testimony introduced at a hearing held on a similar motion in an unrelated capital ease, State v. Mark Jeff. At that hearing, the director of the Louisiana Indigent Defense Assistance Board (LIDAB) testified that his agency is a supplemental funding source for indigent defense. LIDAB has been on a “stand still budget” since 1995-1996, and the agency has no funds to pay the attorneys or expenses in the Jeff case. The director of the Office of the Public Defender for the 19th Judicial District Court testified thqt funding for his office decreased by $350,000 in 1998 because fewer traffic tickets were written in Baton Rouge. At the time of the hearing, his office had four unfilled positions in its own staff of attorneys, was about $290,000 behind in making payments to private attorneys who had been appointed to represent indigents, and had no funds to pay the attorneys or expert expenses in the.Jeff case.
Defendant’s attorney, Mary Roper, also testified at the hearing. In 1996, she put her name on the list of attorneys who volunteer to receive appointments in criminal cases. It was her understanding she would be paid in such cases. Since |3the middle of 1996, she has been appointed in 52 criminal cases. Forty of the cases in which she was appointed are no longer active, and she has been paid in only three of those cases. About $10,000 is owed to her on the criminal appointment cases. She has not yet submitted a voucher for payment in the instant case or a request for payment of expert expenses. Roper said she could continue to represent defendant on motions pending in this case, despite there being no funds to pay her.
After the hearing, the district court determined the Office of the Public Defender had no funds to pay defendant’s attorney or defense expenses. The court granted the request to stay the proceedings and ordered defense counsel to contact the state and eity/parish governments to determine if any funds were available. The court said it also would attempt to locate a source of funding. The state gave notice of its intent to file a writ application, and the court granted the state’s request to stay the effect of the court’s ruling, pending a ruling on the state’s writ application. By adopting a ruling issued in an unrelated case, Joseph Henry, the court appeared to determine defendant was not receiving ineffective assistance of counsel in this case.
In this writ application, the state seeks review of the court’s decision to stay the proceedings. The state agrees defendant’s attorney has the right to receive payment for her services, but the state believes the court erred when it granted a stay because defendant failed to establish ineffective assistance of counsel. The state maintains the controversy is a contract dispute between the appointed defense attorney and the local indigent defender board.
La. Const, art. I, § 13, guarantees an accused the right of assistance of counsel at each stage of the proceedings. If the accused is indigent and is charged with an offense punishable by imprisonment, he is entitled to assistance of counsel appointed by the court. Such counsel must be reasonably effective. State v. Peart, 621 So.2d 780, 783 (La.1993).
In issuing its ruling, the district court determined defendant’s attorney was not ineffective. This finding is consistent with the evidence presented at the Lhearing. Thus, defendant is not entitled to a stay on the ground of ineffective assistance of counsel.
*443 In his opposition to the writ, defendant says the only other option available to the district court, other than granting a stay, is for the court to allow the prosecution to proceed without any defense funds. Because his attorney is entitled to be paid under State v. Wigley, 624 So.2d 425 (La.1993), defendant claims a stay is the only proper remedy. Although the attorney is entitled to reimbursement for reasonable out-of-pocket expenses and overhead costs, we find the granting of a stay in this case was premature.
The Supreme Court held in Wigley that, in order to be reasonable and not oppressive, any assignment of counsel to defend an indigent defendant must provide for reimbursement to the assigned attorney of properly incurred and reasonable out-of-pocket expenses and overhead costs. A fee for services need not be paid, as long as the time the attorney must devote to cases for which he does not receive a fee does not reach unreasonable levels. Before appointing counsel to represent an indigent, the district court has the responsibility to determine that funds sufficient to cover the anticipated expenses and overhead are likely to be available to reimburse counsel. If the district court determines funds are not available to reimburse appointed counsel, it should not appoint members of the private bar to represent indigents. Wigley, 624 So.2d at 429.
In Wigley, the Supreme Court instructed the district court to order payment for private attorneys from “such funds as are available.” 624 So.2d at 430. The Court recognized that the sources of funds from which appointed counsel may be reimbursed are limited, and that a decision by the district court to not appoint members of the private bar might impair the functioning of the indigent defense system. 624 So.2d at 429. At the time of Wigley, district courts had the option of ordering the local government or the criminal court fund to provide the funds. See State v. Craig, 93-2515 (La.5/23/94), 637 So.2d 437. The Supreme Court has since recognized that, with amendments to La. R.S. 15:304 and 15:571.11, those options are no longer available, and it “remains to be seen”-if the funds provided to LIDAB Rare adequate to provide for indigent defense. See State v. Touchet, 93-2839 (La.9/6/94), 642 So.2d 1213, 1221 n. 4.
From the testimony introduced at the hearing and the documentation provided to the court in this writ application, there are no funds available to pay defendant’s attorney. However, a stay is not the appropriate remedy. Defendant’s attorney has made no request for expert fees. Accordingly, the stay issued on April 26, .1999 and included in the court’s written order of May 12, 1999 is lifted. This matter is remanded for the district court to give defendant’s appointed attorney the opportunity to file a motion to withdraw as counsel. If the attorney files such a motion, the possibility of nonpayment of the attorney’s fee for services is not sufficient grounds for granting a request by the attorney to withdraw. See Wigley, 624 So.2d at 429. In considering such a motion to withdraw as counsel, the court shall hold a contradictory hearing. At the hearing, the court shall require participation by the Office of the Public Defender, and the court shall resolve all conflict of interest issues.
WRIT GRANTED.
REHEARING DENIED. Michael Matthews seeks a rehearing on the ground this court, when it granted the state’s writ application, did not consider testimony introduced in an unrelated ease in the district court. The hearing in the other case was held months after the ruling at issue in this writ application. In considering a writ application, this court considers only those pleadings and transcripts from the case under consideration that are attached to the writ application or submitted in opposition to the writ application. Evidence introduced in another case, even if for the same legal issue, is not relevant unless both sides stipulate in the *444 current case to introduction of that evidence. In any event, the testimony introduced at the hearing in the other case does not warrant a different ruling by this court.

. Anthony Bertucci represented defendant on the motion and at the hearing held on the motion.